IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GLORIA J. COLLINS, Plaintiff

v.                                                                                          No. 1:04CV39-EMB

COMMISSIONER OF SOCIAL SECURITY, Defendant

MEMORANDUM OPINION

This matter is before the court on an application by the plaintiff, Gloria J. Collins, seeking judicial review under 42 U.S.C. §405(g) of the final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits under Title XVI of the Social Security Act .

The parties in the above entitled action have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. §636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The action is now ripe for decision on the record and briefs, pursuant to Local Rule 73.1.

A.      Administrative Proceedings

Plaintiff filed an application for Supplemental Security Income under Title XVI on April 23, 2001, alleging a disability onset date of June 1, 1995 (TR 103-04). The application was denied initially (TR 26-27, 53058), and on reconsideration (TR 28, 61-64). Plaintiff previously filed several prior applications under Title XVI from June 9, 1999, to June 28, 2000 (TR 90-101), which were denied initially and on reconsideration (TR 22-25, 29-52), and were not appealed.

In a hearing decision dated September 17, 2003, an Administrative Law Judge (ALJ) found that plaintiff was not disabled as defined in the Social Security Act (TR 11-20). The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on December 12, 2003 (TR 5-7). The ALJ's final hearing decision is now ripe for review under §205(g) of the Social Security Act, 42 U. S. C. §405(g).

B.  Statement of Facts

Plaintiff was born July 19, 1957 (TR 103) and was 46 years of age at the time of the hearing decision on September 17, 2003 (TR 20). Plaintiff had no past relevant work under Agency regulations (TR 160). Plaintiff alleges that she could no longer work due to breathing problems from asthma and sarcoidosis (TR 173). After a review and revaluation of the medical evidence of record, the testimony at the hearing (TR 378-400), and the testimony of a vocational expert (TR 400-05), the ALJ found plaintiff not disabled (TR 14-20). The ALJ found that she had the residual functional capacity (RFC) to perform a range of light work activity reduced by her need for a sit-stand option (TR 20, Finding No. 6).

C.  Standard of Review

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner. *Richardson v. Perales*, 402 U.S. 389, 401 (91 S.Ct. 1420, 1427 (1971), and whether the correct legal standards were applied. 42 U.S.C. §405(g); *Falco v. Shalala*, 27 F.2d 160, 163 (5th Cir. 1994). Substantial evidence has been defined as "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401, 91 S.Ct. At 1427 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence to the contrary. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if its finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

D.  Burden of Proof

The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. 20 C.F.R. §416.920. First, a claimant has the burden of proving disability by establishing a physical or mental impairment which will persist for at least 12 consecutive months and prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§416.909 and 416.920(b).

Second, a determination is made as to whether any of a claimant's alleged impairments are "severe" under Agency regulations. 20 C.F.R. §416.920(c). If no severe impairments are found, a finding of not disabled is warranted. *Id*.

Third, an analysis is made as to whether any of a claimant's impairments, whether alone or in combination, meet or equal medically any of the criteria for listed impairments found at 20 C.F.R. Part 404, subpart P, appendix 1. 20 C.F.R. §416.920(d). This determination is made without regard to age, education, or work experience. Impairments that meet or equal a listed impairment require a finding of disability. Impairments that do not do so require a determination of a claimant's RFC.

Fourth, a determination is made, based upon a finding of a claimant's RFC, as to whether a claimant can return to his or her past relevant work, either as it was performed or as it is generally performed in the national economy. 20 C.F.R. §416.920 (e). A finding that one's RFC allows for such past work mandates a finding of not disabled. *Id.* If a claimant establishes that he or she is not able to return to his or her past relevant work, the burden of proof shifts to the Commissioner to show that the claimant can perform work existing in significant numbers in the national economy. 20 C.F.R. §416.920(f). The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines or vocational expert testimony. 20 C.F.R. §§416.966(e) and 416.969.

## The ALJ's Decision

The ALJ found that plaintiff had not engaged in any substantial gainful activity since her alleged onset date of June 1, 1995 (TR 19, Finding No. 1). Therefore, plaintiff met her burden at step one of the five-step sequential evaluation process.

Based on the medical evidence of record, the ALJ found that plaintiff had impairments, including sarcoidosis, asthma, and vision problems, such that she met her burden of proof at the second step of the sequential evaluation process, that she had a severe impairment (TR 15, 19, Finding No. 2).

At step three of the sequential evaluation process, the ALJ found that plaintiff had no impairment or combination of impairments that met or equaled the listings (TR 15, 19, Finding No. 3). The Brief submitted on behalf of the plaintiff does not take issue with this finding.

At step four of the sequential evaluation process, the ALJ found that plaintiff's capacity for the full range of light work was reduced by her need for a sit/stand option (TR 18, 20, Finding No. 6). The ALJ found that this RFC precluded the performance of plaintiff's past work since she had no such work (TR 20, Finding No. 7). Based upon this RFC, the ALJ determined that despite her impairments, plaintiff retained the RFC to perform a range of light work activities (TR 20, Finding No. 11).

The burden shifted to the Commissioner at step five of the sequential evaluation process to prove there was other substantial gainful employment available that the claimant is capable of performing.

The ALJ concluded, using vocational expert testimony and Rule 202.21 of the Medical-Vocational Guidelines as a framework for decision making, that plaintiff could perform other work that existed in significant numbers in the local and national economy (TR 20, Findings No. 12). See 20 C.F.R. Part 404, Subpt. P, App. 2. The

5

burden then shifted back to plaintiff to prove the inability to perform the alternative work. *Anderson*, 887 F.2d at 632-33); *Fraga*, 810 F.2d at 1302.

LAW

A. The primary thrust of plaintiff's argument is that the ALJ erred in her reliance upon the findings of Dr. Steven W. Easley, who examined the plaintiff one time as a consulting physician. Specifically, plaintiff complains that Dr. Easley did not have the records from plaintiff's two hospital procedures in May and July of 2002. Plaintiff also complains that the second hypothetical question posed by the ALJ to the Vocational Expert (VE) omitted the limitations described by Dr. Jaime Ungo to the effect that plaintiff is unable to perform moderate physical activity (TR 304).

Plaintiff's argument is without merit. The hypothetical asked the VE to assume plaintiff's RFC was that reflected by Exhibit 11-F (TR 297-300). The plaintiff's RFC exam was conducted by Examiner Grace Manuel on September 18, 2002. Dr. Easley reviewed the exam on the date he examined the plaintiff as reflected by his handwritten notes added to the report of the exam, as well as his handwritten note at the end of the report which he signed and dated. Id.

According to the report plaintiff retains the ability to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, standing/walking limited to two hours in an eight hour day, and she can occasionally climb and frequently balance, stoop, crouch, kneel and crawl, although in a handwritten note, Dr. Easley noted her dyspnea at rest would preclude any vigorous climbing. Id. The report

further indicates plaintiff had no functional impairment in reaching, handling, feeling, pushing/pulling, seeing, hearing, and speaking. Id. Among the environmental restrictions that plaintiff should not be exposed to were: temperature extremes, chemicals, dust, fumes and humidity. Id.

The findings of the RFC exam of September, 2002, do not materially contradict the December 6, 2001 note from Dr. Ungo which says he advised plaintiff not to perform moderate physical activity (TR 304).

B. Plaintiff also contends the ALJ was in error in finding that plaintiff's claimed limitations were "not totally credible." (TR 19). The plaintiff testified that she felt miserable every day (TR 384), that it was difficult for her to breathe (TR 384), that her cough gave her migraine headaches that lasted five days (TR 385), that she could only stand 15 minutes at most (TR 386), but that it hurt her back to sit (TR 387), and that she could walk only a couple of feet outside her house (TR 388). These claims by the plaintiff appear rather exaggerated on their face, but more importantly are contradicted by Ms. Manuel's findings on the functional capacity exam and by Dr. Easley's report on his exam of the plaintiff in which he said *inter alia*, she ambulates well, she gets up and out of the chair and on and off the exam table without difficulty, her gait is steady, hand strength normal and range of motion of the elbows, forearms, wrists, shoulders, C-spine, lumbar spine, hips, knees and ankles are normal. There was in fact an abundance of substantial evidence to support the ALJ's finding that plaintiff was not totally credible..

C. Plaintiff further contends the ALJ was in error in relying solely on the Medical-Vocational Guidelines in reaching the ultimate determination that plaintiff could perform other work. The ALJ did not rely solely upon the Medical-Vocational Guidelines in making the determination that plaintiff could perform other work in the national economy. She did use those Guidelines as a "framework" for her decision (TR 20, Finding NO. 12). The ALJ supplemented the framework of the Medical-Vocational Guidelines with vocational expert testimony (TR 19, 20, Finding No. 12). As described below, the ALJ's conduct was entirely appropriate.

Because plaintiff's impairments prevented the performance of her past relevant work and she was precluded form the full range of light work due to the need for a sit/stand option, the ALJ elicited vocational expert testimony at the hearing to determine whether there was other work that she could perform (TR 400-05). See *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986). The vocational expert testified that there existed a significant number of jobs that plaintiff could perform, given her age, education, former job skills, and the impact of her impairments that limited her to a range of light work (TR 404-05). The vocational expert indicated that a person such as plaintiff could perform the jobs of machine tender, machine operator, light assembly, and some inspector positions, all of which existed in substantial numbers in the state and national economies (TR 404-05).

The vocational expert testimony of jobs available to a person with plaintiff's impairments and limitations, and the use of rule 202.21 of the Medical-Vocational Guidelines as a framework for decision making, clearly met the Commissioner's

burden of persuasion that alternative work existed that she could perform (TR 20, Findings No. 12). See *Fraga*, 810 F.2d at 1301-02; see also *Anderson*, 887 F.2d at 632; see also 20 C.F.R. Part 404, Subpt. P., App. 2 (2000). Consequently, the burden shifted back to plaintiff to prove that she could not perform the alternate work. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Plaintiff failed to sustain this burden, and a determination that she is not disabled is therefore mandated. See 20 C.F.R. §404.920(f).

The decision of the Commissioner is supported by substantial evidence and therefore must be affirmed. A Final Judgment in accordance with this Opinion shall enter this day.

THIS, the 13th day of May, 2005.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE